# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBERT L. MERIWETHER, *Plaintiff*, v. PA HOWARD, *et al.*, *Defendants.* | CIVIL ACTION NO. 5:18-cv-00126-TES-CHW |

## ORDER REJECTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 29] to deny Defendant Jessica Battle's[1] Motion to Dismiss [Doc. 25] Plaintiff's Section 1983 action against her. Defendant Battle seeks dismissal pursuant to the Prison Litigation Reform Act's ("PLRA") three-strikes rule arguing that *Meriwether v. Rasnick*, No. 1:00-CV-2952 (N.D. Ga. Dec. 8, 2000); *Meriwether v. Baldwin*, No. 1:00-CV-2953 (N.D. Ga. Dec. 8, 2000); and *Meriwether v. Hayes*, No. 1:00-CV-2954,[2] all constitute "strikes" under 28 U.S.C. § 1915(g). After reviewing the magistrate judge's R&R, Defendant Battle timely filed her objection pursuant to 28 U.S.C. § 636(b)(1). As such, the district court conducted a *de novo* review of the portions of the

---

[1] Defendant Battle is the only remaining Defendant in this case. *See* [Docs. 8, 14].

[2] Collectively referred to as the "2000 *Meriwether* cases."

R&R to which objection was made, and for the reasons discussed below, **REJECTS** the magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C).

Precedent is clear that in "determining whether a prisoner has accrued three strikes, 'the [PLRA] instructs [courts] to consult the *prior* order that dismissed the action or appeal and to identify the *reasons* that the court gave for dismissing it.'" [Doc. 29 at p. 2 (alterations in original) (quoting *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1284 (11th Cir. 2016) (emphasis in original))]. In his R&R, the magistrate judge wrote that "[c]ourts are not permitted to conclude that a case counts as a strike against a prisoner 'based on [a] conclusion that the dismissing court *could* have dismissed it'" for one of the grounds enumerated in § 1915(g). [Doc. 29 at pp. 2–3 (quoting *Daker*, 820 F.3d at 1284 (emphasis in original))]. Based on this, the magistrate judge concluded that because the 2000 *Meriwether* cases are not in the record for the Court's review—to conclusively determine whether a previous dismissing court's reasoning for disposing of the cases can constitute "strikes"—it cannot be said that those cases were dismissed under § 1915(g). [*Id.* at p. 3]. This is undeniably true. The record before the magistrate judge, at the time he issued his R&R, was not clear regarding the reasoning for the earlier dismissals of the 2000 *Meriwether* cases and whether those dismissals would count as "strikes" for purposes of § 1915(g).

In her Objection [Doc. 30], Defendant Battle urges the Court to take judicial notice of a 2015 order from the Northern District of Georgia which indicated that "the dockets"

2

for the 2000 *Meriwether* cases "were dismissed pursuant to 28 U.S.C. § 1915A *and that all count as 'strikes' under 1915(g)*." [Doc. 30 at p. 2 (quoting [Doc. 25-3 at p. 3]) (italics in original)]. Because the PLRA instructs courts to identify the reasoning on which a court based a previous dismissal, rather than take judicial notice of the Order from the Northern District of Georgia, the Court deferred ruling on the magistrate judge's R&R until Defendant Battle could supplement her Objection with the materials received from the National Archives. *See* [Doc. 30 at pp. 3–4]. Two weeks after filing her initial Objection, Defendant Battle supplemented her Objection by filing the archived record materials related to the 2000 *Meriwether* cases from the Northern District of Georgia.

A review of those materials shows that instead of filing a single, all-inclusive lawsuit against three defendants, Plaintiff Meriwether filed three different lawsuits, with three different case numbers, all of which were dismissed on the district court's frivolity review. *See* [Docs. 32-1, 32-2, 32-3]. In dismissing the three 2000 *Meriwether* cases, the district court filed identical orders in each case reasoning that Meriwether failed to state a claim upon which relief could be granted, one of the three bases of dismissal at the PLRA's frivolity-review stage. Given that the substance of these prior orders falls within the ambit of 28 U.S.C. § 1915A, Plaintiff has incurred three strikes and the Court must sustain Defendant Battle's Objection. Accordingly, the Court **REJECTS** the United States Magistrate Judge's Report and Recommendation [Doc. 29] and **GRANTS** Defendant Battle's Motion to Dismiss [Doc. 25]. As there are no remaining Defendants in this case,

the Court **DIRECTS** the Clerk of Court to close this case and to enter judgment accordingly.

**SO ORDERED**, this 14th day of March, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**