# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBERT L. MERIWETHER,<br><br>*Plaintiff*,<br><br>v.<br><br>PA HOWARD, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:18-cv-00126-TES-CHW |

## ORDER ON PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION

Before the Court for consideration is Plaintiff's Reply [Doc. 35] to Defendant Jessica Battle's Objection [Doc. 30] and Supplemental Objection [Doc. 32] to the United States Magistrate Judge's Report and Recommendation ("Recommendation") [Doc. 29]. In his Recommendation, the magistrate judge correctly recommended that the Court deny Defendant Battle's Motion to Dismiss [Doc. 25] because the three cases on which Defendant hedged her motion were not a part of the record and it could not "be said that those cases were dismissed either as frivolous, malicious, or for failure to state a claim." [Doc. 29 at p. 3]. Because Defendant Battle sought dismissal of Plaintiff's action pursuant to the Prison Litigation Reform Act's ("PLRA") three-strikes rule, the Court was obligated to "consult the prior order[s] that dismissed the action[s] . . . and to identify the reasons that the court gave for dismissing [them]." [Doc. 29 at p. 2 (quoting *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1284 (11th Cir. 2016) (emphasis omitted))].

In order to do so, the Court awaited Defendant Battle's receipt of the three cases[1] at issue from the National Archives in order to determine the reason the prior court dismissed Plaintiff's previous cases. *See* [Doc. 30 at pp. 3–4 ("Battle has ordered copies of the district court's complete files for the three 2000 cases from the National Archives. . . . Battle will supplement the record immediately upon receipt of the archived materials.")].

After reviewing Defendant Battle's supplemented materials, the Court issued its Order [Doc. 33] on the magistrate judge's Recommendation. In that Order, the Court found that the prior court dismissed the three 2000 Meriwether cases based upon Meriwether's "fail[ure] to state a claim upon which relief could be granted, one of the three bases of dismissal at the PLRA's frivolity-review stage" and granted Defendant Battle's dismissal motion. [Doc. 33 at p. 3].

Now, Plaintiff has filed his "Reply to Defendant['s] Objection" in which he contends that because he "sign[ed] [a] sworn affidavit on 12/8/2000, the claims [in the 2000 Meriwether cases] [were] never processed." [Doc. 35 at p. 2]. Under 28 U.S.C. § 636, a party, within 14 days "after being served with a copy" of the magistrate judge's proposed findings and recommendations, "may serve and file written objections *to such proposed findings and recommendations.*" 28 U.S.C. § 636(b)(1)(C) (emphasis added). Accordingly, Plaintiff is only permitted to file objections to the magistrate judge's

---

[1] *Meriwether v. Rasnick*, No. 1:00-CV-2952 (N.D. Ga. Dec. 8, 2000); *Meriwether v. Baldwin*, No. 1:00-CV-2953 (N.D. Ga. Dec. 8, 2000); and *Meriwether v. Hayes*, No. 1:00-CV-2954. Collectively referred to as the "2000 *Meriwether* cases."

Recommendation, not a reply to Defendant Battle's Objection. As such, the Court construes Plaintiff's filing as his own Objection and, in the alternative, Motion for Reconsideration to the Court's previously entered Order closing his case. [Doc. 33 at pp. 3–4].

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.6, M.D. Ga.[2] Accordingly, such motions are appropriate only if Plaintiff demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

The magistrate judge issued his Recommendation on February 12, 2019, and Plaintiff filed his reconsideration motion on March 29, 2019, well outside the 14-day

---

[2] This Court's local rules also state that "[t]he following motions may be considered by the Court immediately after filing: motions for extension of time, motions to exceed the page limitation, motions for hearings, motions to file surreply briefs, *motions which clearly have no basis in law, and such other motions as the Court may otherwise determine from the parties to be unopposed or in which the Court may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for the filing of opposition thereto.*" LR 7.7, MDGa (emphasis added).

objection period under 28 U.S.C. § 636(b)(1)(C). Notwithstanding its untimeliness, the arguments in Plaintiff's filing—even after a subsequent "de novo determination of those portions of the [Recommendation] . . . to which" he made objection, or in the alternative, sought reconsideration—fails to cause the Court to reconsider its previous ruling. 28 U.S.C. § 636(b)(1)(C). The prior court's reason for dismissal of the three 2000 Meriwether cases is clear. *See* [Docs. 32-1 at p. 6, 32-2 at p. 6, 32-3 at p. 6 ("Because Plaintiff has failed to state a claim upon which relief can be granted, the instant actions (Meriwether v. Rasnick, Case No. 1:00-CV-2952; Meriwether v. Baldwin, Case No. 1:00-CV-2953; and Meriwether v. Hayes, Case No. 1:00-CV-2954) are hereby **DISMISSED**, pursuant to 28 U.S.C. § 1915A.")].

In his Objection, Plaintiff argues that "U.S. District Court Judge Clarence Cooper only authorized [*in forma pauperis*] for the purpose of sworn 'affidavit' to be accepted, not the 42 U.S.C. [§] 1983 complaints . . ." and that he "should be allowed to proceed on *in forma pauperis* [in this case] because Plaintiff have [*sic*] no strikes under 1915(g)." [Doc. 35 at p. 2]. However, the prior court's orders state that "**IT IS FURTHER ORDERED** that these three *complaints* be filed in forma pauperis for the purpose of dismissal only." [Docs. 32-1 at p. 6, 32-2 at p. 6, 32-3 at p. 6 (emphasis added)].

Based on the orders filed in the three 2000 Meriwether cases, the prior court's rulings unequivocally constituted strikes under the PLRA, and as such, the Court's previous Order does not work manifest injustice. Finally, Plaintiff's motion attempts to

4

reargue this previously settled issue and is therefore not appropriately before the Court.

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 35] and the

Court's previous Order [Doc. 33] stands as filed.

**SO ORDERED**, this 1st day of April, 2019.

                                                   S/ Tilman E. Self, III
                                                   **TILMAN E. SELF, III, JUDGE**
                                                   **UNITED STATES DISTRICT COURT**